**No. 57045.**—Gibson Export Co. *v.* United States, protest 172183–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ½-watt and 1-watt carbon resistors composed in chief value of metal, used chiefly as parts of radio apparatus, instruments, or devices, the claim of the plaintiff was sustained.

**No. 57046.**—Hori Bros. *v.* United States, petition 6851–R (Los Angeles).

Opinion by JOHNSON J. The evidence disclosed that it was agreed between the importer and the customs authorities that entry would be made on the basis of the purchase prices in Japan, such as were used in previous importations of similar shoes, and that the appraiser would appraise the shoes upon the basis of the American selling prices in accordance with a proclamation by the President of the United States, which, in effect, increased the value of such shoes. An appeal for reappraisement was filed but was not brought to trial, having been held pending the outcome of the proceedings in another reappraisement covering the same issue. When the appraiser's finding that the American selling price under the proclamation was the proper value for such shoes was upheld by the court, the appeal for reappraisement was abandoned. From the evidence presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 57047.**—American Sponge & Chamois Co., Inc. *v.* United States, petition 6889–R (New York).

Opinion by JOHNSON, J. At the trial it was established that the merchandise was entered at a 50 percent discount, but appraised at a 30 percent discount, and that the petitioner had made full disclosure to the appraiser enabling him to apply the lesser discount. An appeal for reappraisement was filed but before it came to trial, the importer obtained the knowledge that the value used by the appraiser was based upon the greater number of sales in America. Consequently, the reappraisement proceedings were abandoned. From the evidence presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.